JEFFREY M. DOUD
Assistant Attorney General
Agency Legal Services Bureau
1712 Ninth Avenue
P.O. Box 201440
Helena, MT 59620-1440
Phone: (406) 444-2026
Fax: (406) 444-4303
jdoud@mt.gov

Attorney for Defendant
Honorable Michael Menahan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| PATRICK ASSELIN,<br><br>        Plaintiff,<br>  v.<br><br>BRITTANY DEVINE, BRENT LESHENSKI, PAMELA PONICH, MICHAEL MENAHAN, and GEORGE PEARCE,<br><br>        Defendants. | CV-15-95-H-DLC-JTJ<br><br><br><br>**BRIEF IN SUPPORT OF JUDGE MENAHAN'S MOTION TO DISMISS** |

Montana First Judicial District Court Judge Michael Menahan offers this brief in support of his motion to dismiss. Judge Menahan requests that this Court grant his motion and dismiss this matter with prejudice on the basis that: 1) the domestic relations exception to diversity jurisdiction divests this Court of subject matter jurisdiction over Plaintiff's claims; 2) Plaintiff's claims are barred by judicial immunity; and 3) this Court should abstain under *Younger* from reviewing this matter.

# PROCEDURAL HISTORY

Judge Menahan presided over a Youth In Need of Care (YINC) action that was filed by the Montana Department of Public Health and Human Services pursuant to Mont. Code Ann. § 41-3-422, *et seq*. A hearing was held and Judge Menahan determined that the minor child was, in fact, a YINC. As such, Judge Menahan ordered that the minor child be placed in the temporary legal custody with a foster family pending the outcome of the proceedings.

Plaintiff was subsequently added as a party to the proceeding once it was determined that he was the biological father of the minor child. Plaintiff stipulated to the fact that the minor child was a youth in need of care, and did not contest the jurisdiction of the state court over him. Subsequent hearings have been held and the Court has not awarded Plaintiff legal custody at this point. As of the date of filing this Motion, these proceedings are ongoing.

On November 18, 2015, Plaintiff filed an application for a writ of supervisory control to the Montana Supreme Court. *See P.A. v. Montana First Judicial District Court*, OP 15-0714 (November 18, 2015). The Montana Supreme Court denied Plaintiff's application for a writ and specifically held that "The expiration of TLC prior to the filing of a request for extension of TLC is not a jurisdictional matter, and can be raised on appeal." *Id*.

# LEGAL AUTHORITY

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal where the allegations of a pleading "fail[] to state a claim upon which relief can be granted." A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge the court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

Judicial officers cannot be held liable in civil actions, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity has only two recognized, limited exceptions: 1) actions not taken in a judicial capacity, and 2) actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

**1. Plaintiff' complaint should be dismissed because this Court lacks subject matter jurisdiction over this matter.**

A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977). Therefore, Plaintiff is required to make a prima facie showing of subject matter jurisdiction in order to maintain his claims. *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F. 2d 299, 301 (9th Cir. 1986). The Supreme Court has long recognized that, when the relief sought relates primarily to domestic relations, the domestic relations exception divests federal courts of jurisdiction. *In re Burros*, 136 U.S. 586 (1890); *Barber v. Barber*, 62 U.S. (21 How.) 582 (1858).

As a matter of law, Plaintiff cannot establish diversity jurisdiction in this case. While Plaintiff resides in a different state than all of the named defendants, the domestic relations exception to federal diversity jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). A child custody decree from this Court is exactly what Plaintiff has sought in this matter. Plaintiff has specifically requested that this Court award him custody of his son. *Doc. 1* at 7. ("I want my son released so we can be a family"). Simply put, this Court does not have jurisdiction to grant Plaintiff the relief sought, and this Complaint should be dismissed.

The United States Supreme Court held long ago that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-594 (1890); *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law"); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern"). Put another way, a challenge to a custody determination does not state a federal claim. Therefore, Plaintiff's claim must be dismissed because this Court lacks subject matter jurisdiction.

2.  **Judge Menahan is entitled to absolute judicial immunity.**

Even if this Court finds that it has subject matter jurisdiction, Plaintiff's complaint still must be dismissed because Judge Menahan is shielded from Plaintiff's claims by the doctrine of absolute judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967). The issue of judicial immunity in the § 1983 context was first decided in *Stump v. Sparkman*, 435 U.S. 349 (1978). Therein, the U.S. Supreme Court held that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted

in the 'clear absence of all jurisdiction.'" *Id*. at 356-375 (citing *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)).

*Stump* and subsequent case law established two limited exceptions when judicial immunity will not apply. The first is where the judge's actions are not taken in a judge's judicial capacity. *Stump*, 435 U.S. 349. In determining whether a judicial act occurred, the Court must look to the particular act's relation to a general function normally performed by a judge. *Mireles v. Waco*, 502 U.S. 9, 12-13 (1991).

The second exception is where the judge's actions are taken in clear absence of all jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The Supreme Court has clearly held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). When determining whether the second exception to judicial immunity applies, the term "jurisdiction" should be construed broadly, and an act should only be deemed taken in the complete absence of jurisdiction if it was clearly beyond the scope of the judge's subject matter jurisdiction. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). Here, neither exception applies.

### A. All of the acts complained of by Plaintiff were performed in Judge Menahan's official judicial capacity.

The claims made by Plaintiff generally allege that errors were committed in the state court proceedings. More specifically, Plaintiff has alleged that "Judge Menahan has not acknowledged that temp. legal custody (TLC) expired on the 29th Oct. 2015." *Comp.* at 6. Even taking this statement as true—a contention that Judge Menahan completely disagrees with—it is clear that Plaintiff has failed to allege any facts that Judge Menahan was acting outside of his official judicial capacity. All acts complained of by Plaintiff were taken within Judge Menahan's official judicial capacity. The determination as to temporary legal custody in child neglect cases is a general function normally performed by a judge, and, therefore, the first exception to judicial immunity does not apply.

### B. Judge Menahan had subject matter jurisdiction over Plaintiff's case.

Similarly, Plaintiff cannot meet the second exception to the general rule favoring absolute judicial immunity. Only when a judge acts in clear absence of all jurisdiction, will the judge not be entitled to judicial immunity. Even though a judge's acts may be erroneous, done in excess of his or her jurisdiction, or done maliciously, so long as the judge is acting within his or her subject matter jurisdiction, the judge is immune from liability, regardless of the harm that a judge's erroneous decision may have had on the party.

Under Montana law, district courts, such as Judge Menahan's, are vested with original jurisdiction to hear all cases at law or equity. *Mont. Code Ann. 3-5-302(c)*. Mont. Code Ann. § 41-3-422, *et seq*. establishes the proceedings for child abuse and neglect proceedings. Therefore, Judge Menahan had subject matter jurisdiction to preside over the subject proceedings and make rulings therein.

Furthermore, Plaintiff is precluded from arguing that Judge Menahan was acting in the absence of jurisdiction. As stated above, Plaintiff filed an application for a writ of supervisory control, alleging that Judge Menahan's court did not have jurisdiction because temporary legal custody expired. The Supreme Court, in denying Plaintiff's application stated that the expiration of TLC was not a jurisdictional issue. Therefore, it is clear that, at all material times herein, Judge Menahan was acting with subject matter jurisdiction.

At most, Plaintiff has alleged that Judge Menahan's actions were erroneous. Even taking Plaintiff's claim as true for purposes of this motion to dismiss, an erroneous or even malicious act by a judge does not abrogate judicial immunity. As long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

Therefore, Judge Menahan is entitled to judicial immunity and Plaintiff's complaint should be dismissed.

> **3. This Court should decline jurisdiction under the *Younger* abstention doctrine.**

Under *Younger*, federal courts are to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is proper where: (1) there are ongoing state judicial proceedings; (2) that implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Confederated Salish v. Simonich*, 29 F.3d 1398, 1405 (9th Cir. 1994). The Ninth Circuit has also stated that "[c]ivil-*Younger* abstention has been upheld where a party seeks to invoke federal jurisdiction for the purpose of 'restraining state proceedings or invalidating a state law.'" *Simonich*, 29 F.3d at 1405, citing *United States v. Adair*, 723 F.2d 1394, 1402 n. 5 (9th Cir. 1983).

Here, abstention is appropriate because all of the *Younger* elements requiring abstention have been met. Plaintiff is seeking *de facto* declaratory relief from the federal court in ongoing state court proceedings that implicate an important state interest. Moreover, Plaintiff has the opportunity to raise any constitutional issues in the state court proceeding. As such, the facts and circumstances of this case counsel in favor of *Younger* abstention.

A.  State proceedings are ongoing.

The first element necessary for *Younger* abstention is that the underlying state court proceedings must be ongoing. Plaintiff's complaint proves that the underlying state proceedings are ongoing and that Plaintiff seek intervention over what he perceives to be a violation of his rights. As such, the first element necessary for abstention is met.

B.  The state court proceedings implicate an importation state interest.

"Family relations are a traditional area of state concern." *HC ex rel. Gordon v. Koppel*, 203 F. 3d 610, 613 (9th Cir. 2000) (citing *Moore* 442 U.S. at 435). "In addition, a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" *Id.* at 613 (citing *Juidice v. Vail*, 430 U.S. 327, 336 n. 12, (1977)). "This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts have a special expertise and experience. *Id*. (internal citations omitted). Based on the Court's pronouncement that family relations are an area of exclusive state concern, this case implicates an important state interest, and the second element of the doctrine of abstention is met.

### C. Plaintiff has an adequate state forum to address his federal claims.

When examining the third *Younger* element, the U.S. Supreme Court held that "[u]nder established principles of equity, the exercise of equitable powers is inappropriate if there is an adequate remedy at law." *Moore*, 442 U.S. at 425 (citing *Douglas v. City of Jeannette*, 319 U. S. 157, 164 (1943)). "Restated in the abstention context, the federal court should not exert jurisdiction if the plaintiffs 'had an opportunity to present their federal claims in the state proceedings.'" *Id.* (citing *Juidice v. Vail*, supra, at 337). "The pertinent issue is whether appellees' constitutional claims could have been raised in the pending state proceedings." *Id.*

Here, Plaintiff has not alleged that he could not raise his constitutional claims in the state court proceedings. Nor has Plaintiff shown that he was somehow prohibited from raising such claims in state court. Plaintiff clearly has the ability to assert his constitutional claims in the district court. Therefore, the third element for *Younger* abstention has been met.

Based on the foregoing analysis, it is clear that abstention is appropriate and warranted in this case as: 1) the underlying state court proceeding is ongoing; 2) it implicates an important state interest; and 3) Plaintiff has the opportunity to raise his claims at the state court level. Therefore, the Court should abstain and dismiss Plaintiff's complaint with prejudice.

**BRIEF IN SUPPORT OF JUDGE MENAHAN'S MOTION TO DISMISS**
**PAGE 11**

# CONCLUSION

Dismissal of Plaintiff's Complaint against Judge Menahan is appropriate and necessary in this case. At all material times herein, Judge Menahan was acting within his judicial capacity and with jurisdiction to hear the underlying case. Therefore, Judge Menahan is entitled to judicial immunity.

Further, this Court is without jurisdiction to hear this matter. A specific exclusion for domestic relations within diversity jurisdiction precludes this Court from hearing Plaintiff's claims.

Finally, the *Younger* abstention doctrine counsels against this Court exercising jurisdiction to hear Plaintiff's claims. As such, Judge Menahan's motion to dismiss should be granted and Plaintiff's complaint should be dismissed with prejudice.

Respectfully submitted this 3rd day of December, 2015.

        AGENCY LEGAL SERVICES BUREAU
        1712 Ninth Avenue
        P.O. Box 201440
        Helena, MT 59620-1440

  By: /s/ Jeffrey M. Doud
        JEFFREY M. DOUD
        Assistant Attorney General
        Attorney for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief in Support of Judge Menahan's Motion to Dismiss complies with L.R. 7.1(d)(2)(A).  Exclusive of the caption, certificate of service, and certificate of compliance, this Memorandum consists of 2,481 words according to the word count function contained with Microsoft Word.

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I hereby certify that on December 3, 2015, a copy of the foregoing, Brief in Support of Judge Menahan's Motion to Dismiss, was served on the following persons by the following means:

| | |
|---|---|
| __1,2__ | CM/ECF |
| _____ | Hand Delivery |
| __2__ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. Mr. Patrick Asselin
   P.O. Box 543
   Lincoln, New Hampshire 03251

          /s/ Jeffrey M. Doud
          JEFFREY M DOUD
          Assistant Attorney General
          Attorney for Defendant