IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| PATRICK T. ASSELIN,<br><br>Plaintiff,<br><br>vs.<br><br>BRITTANY DEVINE, BRENT LESHENSKI, PAMELA PONICH, MICHAEL Menahan, and GEORGE PEARCE,<br><br>Defendants. | CV 15-95-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## I. STATUS

Plaintiff Patrick Asselin alleges Defendants violated his constitutional rights because they did not give him immediate custody of his son. (Doc. 1.) The following motions are pending:

Defendant Michael Menahan's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction (Doc. 5);

Defendant George Pearce's Motion to Dismiss for Failure to State a Claim (Doc. 7);

Defendant Brittany Devine and Defendant Brent Leshenski's Motion to Dismiss for Lack of Jurisdiction (Doc. 10); and

1

Defendant Pamela Ponich's Motion to Dismiss for Failure to State a Claim (Doc. 12).

Mr. Asselin failed to respond to the motions to dismiss in violation of Local Rule 7.1(d)(1)(B) ("Responses to motions to dismiss . . . must be filed within twenty-one (21) days after the motion was filed. . . . [F]ailure to file a response brief may be deemed an admission that the motion is well-taken."). Mr. Asselin also failed to respond to the undersigned's Order to Show Cause despite being warned that if he failed to reply, the motions to dismiss would be deemed well-taken and the undersigned could recommend that the matter be dismissed with prejudice. (Doc. 24.)

Defendants are correct that under the Local Rules, Mr. Asselin's failure to respond is deemed an admission that the motion is well taken. Nonetheless, the Court is required to address, on the merits, the issues raised in the motions. *See Heinemann v. Satterberg*, 731 F.3d 914 (9th Cir. 2013) (a court must consider a motion on the merits, even if a party failed to file a response in opposition).

## II. STANDARDS

**Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. When a

defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true and the question is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Courts do not accept the truth of legal conclusions merely because they are cast in the form of factual allegations. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

**Rule 12(b)(6)**

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 663.

*Younger v. Harris*

Challenges to ongoing state proceedings are barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). There is a strong policy against federal

intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41).

A federal court must abstain under *Younger* if four requirements are met: (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

**Domestic Relations Exception**

Federal courts have long recognized that domestic relations cases are within the province of the state courts. *See Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir.

1968) (citations omitted). Therefore, even though a district court may have diversity jurisdiction over a dispute, the court must decline jurisdiction when the primary issues in the case concern "the status of parents and child or husband and wife." *Id*.

The domestic relations exception is narrowly confined and divests a district court of the authority to issue divorce, alimony, and child custody decrees. *See Ankenbrandt v. Richard*, 504 U.S. 689, 695 (1992); *see also Barber v. Barber*, 62 U.S. 582, 584 (1859). The exception only applies to diversity jurisdiction under 28 U.S.C. § 1332, and not to federal question jurisdiction under 28 U.S.C. § 1331. *Atwood v. Fort Peck Tribal Court Assiniboine & Sioux Tribes*, 513 F.3d 943, 947 (9th Cir. 2008).

**Judicial Immunity**

A judge is generally immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). A judge is not immune for nonjudicial actions or for actions taken in the complete absence of all jurisdiction. *Id*. at 11. Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985).

**State Immunity**

The Eleventh Amendment bars suit in federal court against a state, state agency, or a state official sued in his or her official capacity for money damages absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

States, state agencies, and state officials sued officially are not "persons" subject to suit under section 1983. *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) (citing *Cortez v. Co. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002)).

**"Under Color of State Law"**

The United States protects individual rights only from government action, not from private action. *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003). Conduct is fairly attributable to the State when: (1) the deprivation is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) the party charged with the deprivation is a state actor, has acted together with or has obtained significant aid from state officials, or has performed conduct otherwise chargeable to the State. *Sykes v. State of Cal. (Dept. Of Motor Vehicles)*, 497 F.3d 197, 200 (9th Cir. 1974); *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

A public defender does not act under color of state law within the meaning of Section 1983 when the public defender performs a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The Court shall dismiss a case based on such activities. *Id.* Likewise, courts have recognized that court-appointed counsel serving as a guardian ad litem does not qualify as a state actor for the purpose of Section 1983. *Goodson v. Maggi*, 797 F. Supp. 2d 624, 637 (W.D. Pa. 2011).

## III. STATEMENT OF THE CASE

**Parties**

Mr. Asselin is proceeding without counsel. Mr. Asselin has named Defendants Brittany Devine, Brent Leshenski, Pamela Ponich, Michael Menahan, and George Pearce. Devine and Leshenski are employed by the Montana Department of Public Health and Human Services (the "Department"). Leshenski is Devine's direct supervisor. Mr. Asselin identifies Ponich as being employed by "Child Protective Services." (Doc. 1 at 5.) Ponich works, however, as a private therapist. Mr. Asselin identifies Pearce as an attorney employed by the Department of Children and Family Services. (Doc. 1 at 5.) Pearce acts as a private attorney fulfilling the role as a public defender in court appointed cases. (Doc. 8-3.) He does not work for the Department. Honorable District Court Judge Menahan is a district court judge in the Montana First Judicial Court, Lewis and Clark County.

**Allegations**

The factual allegations in the Complaint arise out of a Youth in Need of Care ("YINC") case pending before the Montana First Judicial District Court for Lewis and Clark County, No. AND 2014-74. In that case, the Department removed a child from his mother, Alisha Guyaz. Judge Menahan issued an order in the state

case granting emergency protective services, temporary investigative authority, and temporary legal custody. (Doc. 8-1.) Judge Menahan appointed the Public Defender's Office to represent the youth in the matter. (Doc. 8-1 at 4.) The Order also directed the Public Defender's Office to assign attorneys to represent Guyaz and Mr. Asselin, the parents of the youth. *Id*. Mr. Asselin is a party to the state proceeding. He attended by telephone an April 29, 2015 initial show cause hearing. (Doc. 11-2 at 1.) At the hearing, Mr. Asselin orally stipulated to the Court's adjudication of his son as a Youth in Need of Care. *Id*.

The Complaint alleges a Fourteenth Amendment violation of Mr. Asselin's right to life and liberty. (Doc. 1 at 6.) The Complaint asserts that the Defendants "have refused to give [Mr. Asselin] his son." *Id*. Mr. Asselin alleges that Defendants have "stalled at every turn, gave [him] false information, refused documents they are supposed to give [him] according to federal law." *Id*.

Mr. Asselin asserts that Defendant Devine failed to notify him when her office removed his son from his mother's home and further failed to communicate with him during the proceedings. *Id*. The Complaint alleges that Defendant Leshinski failed to properly supervise Devine. *Id*. Mr. Asselin also alleges that Devine and Leshinski withheld medical records from him.

Mr. Asselin further asserts that Defendant Ponich "refuses to allow [him his]

9

child." *Id*. The Complaint alleges that Defendant Pearce refuses to accept Mr. Asselin's son's "desire to be raised by his father." *Id*. The Complaint also alleges that Judge Menahan has failed to acknowledge that temporary legal custody ("TLC") allegedly expired on October 29, 2015. *Id*. Mr. Asselin essentially requests that the Court grant him legal custody of his son. (Doc. 1 at 7.)

## IV. ANALYSIS

### *Younger* Doctrine

Abstention proves appropriate in this case because all of the *Younger* requirements are met. Mr. Asselin seeks declaratory relief from the federal court in an ongoing child custody case. Mr. Asselin's Complaint indicates that the state proceeding is ongoing. Mr. Asselin seeks the federal court's intervention in the state proceeding to stop what he believes to be a deprivation of his right to life and liberty. A judgment in this Court granting Mr. Asselin custody of his child would have the practical effect of intervening in the state court proceeding. As discussed above, domestic relations are preeminently matters of state law. *Moore v. Sims*, 442 U.S. 415, 435 (1979). The important state interest implicated by this case should be addressed by the state court.

Furthermore, Mr. Asselin could have raised his constitutional claims in state court. Plaintiff has not alleged that the state court prohibited him from alleging his

constitutional claims. Plaintiff has not attempted to allege any constitutional claims at the state court level. Abstention by this Court is appropriate.

**Domestic Releations Exception**

Mr. Asselin alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332 as well as federal question jurisdiction under 28 U.S.C. § 1331. The domestic relations exception divests the Court of its jurisdiction under 28 U.S.C. § 1332. *Atwood*, 513 F.3d at 947. Mr. Asselin requests that the Court award him custody of his son. (Doc. 1 at 7.) Domestic relations are preeminently matters of state law. *Moore,* 442 U.S. at 435. The domestic relations exception to federal diversity jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt*, 504 U.S. at 703. Mr. Asselin asks this Court to do just that—issue a child custody decree. The Court possess no jurisdiction over this case under 28 U.S.C. § 1332.

**Judicial Immunity**

Furthermore, the claim as to Defendant Menahan should be dismissed because Judge Menahan enjoys judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial discretion." *Pierson v. Ray*, 386 U.S. 547, 553 (1967).

Judicial immunity does not apply when the judge's actions are outside of a judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles*, 502 U.S at 11. Neither exception applies here. Mr. Asselin alleges that Judge Menahan committed errors in the state court proceedings. Specifically, Mr. Asselin alleges that Judge Menahan erred when he failed to acknowledge that the TLC had expired on October 29, 2015. (Doc. 1 at 6.) Determining temporary legal custody in a child neglect case is a normal function of a judge. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). This action or lack of action is within Judge Menahan's judicial capacity.

The second exception also does not apply because Judge Menahan did not clearly lack subject matter jurisdiction. *Id*. Even where personal jurisdiction over the complaining party does not exist, a judge is entitled to immunity as long as subject matter jurisdiction exists. *Id*. District court judges possess original jurisdiction to hear cases at law or equity. Mont. Code Ann. § 3–5–302(1)(c). Montana Code Annotated §§ 41-3-422 *et seq.* establish the proceedings for child abuse and neglect cases. Judge Menahan did not clearly lack jurisdiction over this claim.

Taking Mr. Asselin's allegations as true, the Complaint has alleged at most that Judge Menahan's judicial actions were erroneous. This is not enough to

overcome the protection of judicial immunity. The case should be dismissed with prejudice as to Mr. Asselin's claim against Judge Michael Menahan.

### "Under Color of State Law"

Mr. Asselin alleges jurisdiction pursuant to 28 U.S.C. § 1331 based on a Section 1983 claim that alleges a state employee deprived him of a Constitutional right. (Doc. 1 at 4.) An action under Section 1983 requires that the defendant acted "under the color of state law" or authority. *Sykes*, 497 F.3d at 200 (internal citations omitted).

Mr. Asselin has failed to establish that Defendants Ponich or Pearce acted "under the color of state law." The foster parents in this case hired Ponich for her services as a private therapist. Mr. Asselin failed to show that the Department employs Ponich. Pearce was appointed to represent the youth in this case in a role similar to that of a public defender. Pearce's representation is not dictated or controlled by the State. Mr. Asselin has failed to establish that Defendants Ponich or Pearce acted under the color of state law, a requirement to successfully assert a Section 1983 claim.

### V. CONCLUSION

Mr. Asselin's failure to respond to the pending motions is deemed an admission that the motions to dismiss are well taken. Abstention is appropriate in

this case under the *Younger* doctrine.  The ongoing state proceeding implicates the important state interest in domestic relations.  Mr. Asselin has the opportunity to raise his constitutional concerns in the state proceeding.  Federal court intervention would have the practical effect of enjoining the state proceeding.  The Complaint is barred by the *Younger* doctrine.

Even if the Court determined the Complaint was not barred by the *Younger* doctrine, the claims as to Pearce, Ponich, and Menahan should be dismissed on other grounds.  The domestic relations exception divests the court of diversity jurisdiction.  Mr. Asselin also failed to state a federal question claim under Section 1983 against Defendants Pearce or Ponich.  Mr. Asselin failed to establish that either of these Defendants took actions "under the color of state law." Furthermore, the claim against Judge Menahan is barred by judicial immunity.

Based on the foregoing, the undersigned issues the following:

## RECOMMENDATIONS

1. Defendant Michael Menahan's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction (Doc. 5) should be GRANTED.

2. Defendant George Pearce's Motion to Dismiss for Failure to State a Claim (Doc. 7) should be GRANTED.

3. Defendant Brittany Devine and Defendant Brent Leshenski's Motion to Dismiss for Lack of Jurisdiction (Doc. 10) should be GRANTED.

4. Defendant Pamela Ponich's Motion to Dismiss for Failure to State a Claim (Doc. 12) should be GRANTED.

DATED this 30th day of March, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge